IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WEST VIRGINIA PARENTS FOR
RELIGIOUS FREEDOM, ANDREW
WALDRON, PASTOR CHRIS FIGARETTI,**
and **JUDD UHL,**

Plaintiffs,

v.

**CIVIL ACTION NO. 5:23-CV-158**
Judge Bailey

**DR. MATTHEW CHRISTIANSEN,**
in his official capacities as the State
Health Officer and Commissioner of the
Bureau of Public Health,

Defendant.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Pending before this Court is plaintiffs' Motion for Preliminary Injunction and Expedited Consideration [Doc. 4] and Memorandum in Support [Doc. 5], filed April 28, 2023. Defendant filed a Response in Opposition [Doc. 35] on May 9, 2023. On May 10, 2023, this Court held a hearing on the Motion. On May 12, 2023, plaintiffs filed a Reply [Doc. 44]. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be denied.

1

## **BACKGROUND**

Plaintiffs, who are all members of Parents for Religious Freedom ("PRF")[1], claim to possess deeply held religious beliefs that prohibit them from vaccinating their children. [Doc. 1 at ¶¶ 25–30, 41–45, & 60–61]. More specifically, plaintiffs claim that their religious convictions that prevent them from vaccinating their children are deeply held and substantially burdened by W.Va. Code § 16-3-4 (the "Compulsory Vaccination Law"), and their decision to uphold their religious convictions has entailed significant sacrifices and caused irreparable harm.

Currently, West Virginia's compulsory school attendance law requires children between the ages of six and seventeen to be enrolled in an education program, see W.Va. Code § 18-8-1a, and a parent's failure to educate their children subjects the parent to potential criminal prosecution. Id. at § 18-8-2.

Each individual plaintiff claims to have been negatively impacted by their decision to exercise their sincerely held religious beliefs, as it appears from the record that each has attempted to enroll their children in the West Virginia school system but been denied from doing so as no religious exemption to the Compulsory Vaccination Law exists. See [Doc. 5 at 3]. However, a child may be exempt from the requirements upon producing a certificate "granting the child . . . a [ ] [medical] exemption from the compulsory immunization requirements." W.Va. Code § 16-3-4(b).

---

[1]PRF formed to advocate on behalf of parents whose unvaccinated children are excluded from the State of West Virginia's educational system. PRF's purpose is to seek or obtain the establishment of a religious exemption process to vaccination requirements for schools and daycares, or the recognition by law of such exemptions. [Doc. 1 at ¶¶ 20–22].

2

And through the plain language of the relevant statute, it appears that the State of West Virginia has reserved discretion to accept or deny medical exemptions. The statute dictates in relevant part that defendant "is authorized to grant . . . exemptions to the compulsory immunization requirements . . . on a statewide basis, upon sufficient medical evidence that immunization is contraindicated or there exists a specific precaution to a particular vaccine. Id. at § 16-3-4(h). Under the statutory scheme, there appear to be multiple levels of discretionary review whereby government officials and private physicians are empowered to approve or deny medical exemption requests. At the first level of review, West Virginia has delegated private health providers discretion to determine the variety of circumstances which are eligible for a medical exemption, and those which are not. See [Doc. 4-1]. Apparently acting on behalf of the State, these physicians conduct an individualized assessment of each request for a medical exemption and have latitude to decide whether to certify the request. If and when the medical exemption form is signed by a physician, it is then forwarded to the state's Immunization Officer for personalized review. If the exemption is approved, that student is permitted to attend school without having received all of the mandated vaccines.

If the Immunization Officer denies the medical exemption, the decision can be appealed to defendant, who reviews the appeal on a case-by-case basis and determines whether to uphold or reverse the Immunization Officer's decision. W.Va. Code § 16-3-4(h)(4); see also [Doc. 4-2].

It appears that there is no similar exemption process to citizens with religious objections to compulsory vaccination. And herein lies the issue presented in this case–that is, whether the State of West Virginia can exclude unvaccinated children from school if

3

their families have sincerely held religious beliefs that prohibit them from vaccinating their children, while simultaneously allowing families to be exempt from the State's vaccination requirements for secular, medical reasons.  Against this factual backdrop, plaintiffs move this Court to preliminarily enjoin the Compulsory Vaccination Law.

## LEGAL STANDARD

A movant seeking a preliminary injunction must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." ***Blackwelder Furniture Co. v. Seilig Mfg. Co.***, 550 F.2d 189 (4th Cir. 1977).  Where, as here, the requested relief seeks to upend the status quo through a mandatory injunction, the moving party will prevail after showing the "facts and law" are "clearly" in their favor. ***Anderson v. United States***, 612 F.2d 1112, 1114 (4th Cir. 1979). In the Fourth Circuit, "each" of the "four factors must be satisfied to obtain preliminary injunctive relief." ***Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC***, 902 F.3d 432, 439 (4th Cir. 2018).  However, the last two factors "merge" when the Government is the opposing party. ***Nken v. Holder***, 556 U.S. 418, 534 (2009).

## DISCUSSION

Initially, this Court notes that the parties and *amicus curiae* filed, expeditiously, extensive briefing addressing the merits of the claims and legal issues presented herein. However, in the unique context of preliminary injunction, this Court believes it must focus first on the question of whether plaintiffs have demonstrated a substantial threat of

4

irreparable injury if the requested injunction is not issued. Upon consideration of the briefing and argument heard at hearing, this Court is of the opinion that it is indisputable that plaintiffs have failed to make such showing here. Notably, plaintiffs have not yet been confronted with the decision to either vaccinate their children or forego attendance at their schools of choice, as they do not suggest that they wish to enroll their children in West Virginia schools in the mere, remaining weeks of the 2022–23 school year. Moreover, the 2023–24 school year does not begin until August 2023. Given the timing of this litigation over Summer 2023, there is no present threat of irreparable injury requiring immediate resolution of this dispute because plaintiffs will not be forced to choose between religious convictions and mandatory vaccination for several additional months. And, as this Court indicated in its Order Setting Briefing Schedule [Doc. 39], this dispute will be adjudicated on the merits in that interim time-frame before irreparable harm, if any, may occur.

## CONCLUSION

For this independent reason, plaintiffs have failed to satisfy all prerequisites to prevail on their request for a preliminary injunction. Accordingly, the Motion for Preliminary Injunction and Expedited Consideration [**Doc. 4**] is **DENIED**. Insofar as this Court has considered the proposed Amicus Brief [Doc. 28-1] in rendering this Opinion, the Motion for Leave to File Amicus Curiae by the West Virginia Attorney General [**Doc. 28**] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

DATED: May 18, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE